**Tony NURDIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–70324.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2012.*

Filed May 23, 2012.

Gihan L. Thomas, Esquire, Law Offices of Gihan L. Thomas, Los Angeles, CA, for Petitioner.

Matt Crapo, Phillip Michael Truman, Cindy S. Ferrier, Senior Litigation Counsel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Office of the Chief Counsel Department of Homeland Security, for Respondent.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Tony Nurdin, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and we review de novo due process claims, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir.2004). We deny the petition for review.

The agency concluded that Nurdin failed to establish past persecution because his experiences, including harassment, robberies, and damage to his home during the 1998 riots, did not rise to the level of persecution. Taking Nurdin's testimony as true, the record does not compel a contrary conclusion. *See Wakkary*, 558 F.3d at 1059–60; *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003). Additionally, substantial evidence supports the agency's conclusion that Nurdin failed to demonstrate the requisite individualized risk to establish a well-founded fear of future persecution. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir.2009); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir. 2004). Accordingly, his asylum claim fails.

Because Nurdin failed to establish eligibility for asylum, he necessarily fails to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

In addition, the record does not compel the conclusion that Nurdin faces a likelihood of torture by, or with the consent or acquiescence of, the Indonesian government. *See Wakkary*, 558 F.3d at 1067–68. Accordingly, his CAT claim fails.

Finally, given our above conclusions, we reject Nurdin's due process contention regarding the exclusion of his brother's testimony, which relates only to the agency's alternative credibility finding. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring prejudice to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**